*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS PATTERSON, | ) | No. C 06-4555 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | RESPONDENT'S MOTION TO |
| | ) | DISMISS; ORDER DENYING |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| | ) | |
| PEOPLE OF CALIFORNIA, | ) | |
| | ) | (Docket Nos. 6 & 9) |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1993 San Francisco Superior Court conviction. Respondent filed a motion to dismiss the petition and petitioner filed an opposition.[1] Based upon the papers submitted, the court will DISMISS the instant petition as untimely pursuant to 28 U.S.C. § 2244(d)(1).

**BACKGROUND**

After his nolo contendere plea in San Francisco Superior Court for murder and robbery, petitioner was sentenced to a term of fifteen years-to-life in state prison on September 1, 1993. Petitioner did not file a direct appeal. Petitioner sought collateral review eleven years later in

---

[1] Respondent did not file a reply.

San Francisco Superior Court sometime in 2004, which was denied. Petitioner filed another petition in superior court in November 2004, which was denied on January 7, 2005. Petitioner filed a petition in the California Court of Appeal, which was denied on May 10, 2006. Finally, he filed a petition in California Supreme Court, which was denied on May 17, 2006. The instant federal petition was filed on July 27, 2006.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under the AEDPA, petitions by state prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Because petitioner's state conviction became final prior to April 24, 1996, he had until April 24, 1997, to file a federal habeas petition on time. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Because petitioner's federal habeas petition was filed on July 27, 2006, the petition is untimely.[2]

In his opposition to respondent's motion to dismiss, petitioner asserts that his petition is timely under 28 U.S.C. § 2244(d)(1)(D) because one of his claims is "newly discovered evidence," and the others, if combined with the "newly discovered" claim, are also timely under

---

[2] Petitioner does not assert that he is entitled to any statutory or equitable tolling, nor is there any apparent basis for such tolling in the record. Petitioner's state habeas petitions were filed long after his AEDPA statute of limitations concluded. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

§ 2244(d)(1)(D). In his petition, he raises the following claims: (1) ineffective assistance of counsel for failing to move to withdraw his plea ("Claim 1"); (2) trial court error for failing to allow petitioner to withdraw his plea ("Claim 2"); (3) trial court error for failing to allow petitioner to be represented by counsel during a Marsden motion ("Claim 3"); (4) newly discovered evidence proving petitioner's innocence in the form of post-trial DNA results ("Claim 4"); and (5) trial court, appellate court, and supreme court error in denying an evidentiary hearing ("Claim 5").

The AEDPA's one-year statute of limitations applies to the entire "application" when the starting date is completion of direct review under § 2244(d)(1)(A), but when the starting date is determined under any of the other subsections, §§ 2244(d)(1)(B)-(D), the statute of limitations is applied on a claim-by-claim basis. Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Under 28 U.S.C. § 2244(d)(1)(D) the limitations period begins to run, "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000).

As petitioner concedes, Claims 1-3 are untimely. See Pace, 544 U.S. at 416 n.6. Further, petitioner does not set forth any facts that would suggest he discovered the factual predicate of Claims 1-3 within one-year of filing his section 2254 petition. See 28 U.S.C. § 2244(d)(1)(D); see also United States v. Battles, 362 F.3d 1195, 1199 (9th Cir. 2004) (finding no due diligence for alleged errors occurring during trial when facts supporting such claims could have been discovered earlier if petitioner "at least consult[ed] his own memory of the trial proceedings"). Accordingly, Claims 1-3 are dismissed as untimely.

Petitioner asserts that in 2003, he requested DNA re-testing of two blood samples taken in 1992 from the victim's truck, where he was robbed and killed. Petitioner maintains that the DNA re-testing results prove that he is actually innocent. A review of the original DNA test and results from 1992 show that at the time of the murder, blood found and collected from the handle of the victim's truck door and a toolbox from inside the truck was tested against petitioner, his co-defendant, and the victim. All three were excluded as the source of that blood. In 2003, petitioner requested a re-testing of the blood which had been properly preserved. He asserted

that a re-test under the current DNA testing procedures, which include a comparison with the federal DNA database, would turn up a third party individual, exonerating petitioner. However, the results of that re-test determined that the blood found and collected still excluded petitioner and his co-defendant as a source, but concluded that the DNA profile of the blood samples matched that of the victim.

Petitioner argues that the results of the re-testing became available in January 2004, and because those results satisfy the "factual predicate" requirement of § 2244(d)(1)(D), his statute of limitations period should not start until that date. However, even assuming that the results satisfy the "factual predicate" element of § 2244(d)(1)(D), a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Here, petitioner fails to assert any violation of federal law in Claim 4. To the extent petitioner is raising a claim of actual innocence, it is without merit. The Ninth Circuit has held that the actual innocence gateway established in Schlup v. Delo, 513 U.S. 298 (1995), may be available to a petitioner whose federal habeas petition is otherwise barred by AEDPA's limitation period. See Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir. 2002) (implying that unavailability of actual innocence gateway would raise serious constitutional concerns and remanding to district court for a determination of whether actual innocence claim was established before deciding whether gateway is available under AEDPA). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. Here, petitioner not only fails to allege constitutional error, but also fails to promulgate evidence that would undermine the result because the "new evidence" concluding that the blood found at the scene of the crime matched the victim do not exonerate petitioner. Accordingly, Claim 4 dismissed as untimely under § 2244(d)(1)(D).

Finally, in Claim 5, petitioner claims that the state courts erred in denying him evidentiary hearings based on the "newly discovered" DNA re-testing results. Again, even

1  assuming the results satisfy the "factual predicate" element of § 2244(d)(1)(D), this claim is not
2  cognizable in a federal habeas action.  See <u>Ortiz v. Stewart</u>, 149 F.3d 923, 939 (9th Cir. 1998)
3  (recognizing that alleged errors in the state post-conviction review process are not addressable
4  through federal habeas corpus proceedings).  Further, although petitioner does assert a violation
5  of the First and Fourteenth Amendments in relation to Claim 5, his conclusory allegation is not
6  sufficient to support a claim of habeas relief.  See <u>Jones v. Gomez</u>, 66 F.3d 199, 204-05 (9th
7  Cir.1995).  Accordingly, Claim 5 is dismissed as untimely.

## CONCLUSION

Respondent's motion to dismiss the petition (docket no. 9) is GRANTED.  Petitioner's motion for appointment of counsel (docket no. 6) is DENIED.  The instant petition is DISMISSED as untimely.

The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  8/8/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge